UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

TARYN SELIGER,

                          Plaintiff,              05-CV-0818

          v.                                      **DECISION**
                                                  **and ORDER**
MICHAEL J. ASTRUE[1], Commissioner
of Social Security

                          Defendant.
_____

## INTRODUCTION

     Plaintiff Taryn Seliger ("Plaintiff") brings this action pursuant to the Social Security Act § 216(i) and § 223, seeking review of a final decision of the Commissioner of Social Security ("Commissioner"), denying her applications for Disability Insurance Benefits and Supplemental Income Benefits.[2] Specifically, Plaintiff alleges that the decision of the Administrative Law Judge ("ALJ") Bruce R. Mazzarella denying her applications for benefits was against the weight of substantial evidence contained in the record and contrary to applicable legal standards.

     The Commissioner moves for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c)("Rule 12(c)"), on grounds that the ALJ's

_____

[1] Michael J. Astrue became the Commissioner of Social Security on February 12, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue is substituted for his predecessor Commissioner JoAnne B. Barnhart as the proper defendant in this suit.

[2] This case was transferred to the undersigned by the Honorable Richard J. Arcara, Chief Judge, United States District Court for the Western District of New York by Order dated July 24, 2007.

decision was supported by substantial evidence. Plaintiff opposes the Commissioner's motion, and cross-moves for judgment on the pleadings, on grounds that the Commissioner's decision was erroneous. The Court finds that the decision of the Commissioner for the reasons set forth below, is supported by substantial evidence, and is in accordance with applicable law and therefore the Commissioner's motion for judgment on the pleadings is hereby granted.

<u>**BACKGROUND**</u>

On October 21, 1996, Plaintiff, at that time a 19 year-old, cashier and fast food worker, filed applications for Disability Insurance Benefits and Supplemental Income Benefits under title II, § 216(i) and § 223 of the Social Security Act ("the Act") claiming a disability since November 5, 1995, due to hypothyroidism and chronic fatigue syndrome. Plaintiff's application was denied by the Social Security Administration ("the administration") initially in January 1997, and on reconsideration in April 1997. Plaintiff filed a timely request for hearing on June 6, 1997.

Thereafter, Plaintiff appeared, with counsel, in an administrative hearing before ALJ Bruce R. Mazzarella on February 20, 1998. In a decision dated April 22, 1998, the ALJ determined that the Plaintiff was not disabled. The ALJ's decision became the final decision of the Commissioner when the Social Security Appeals Council denied Plaintiff's request for review on January 26, 1999.

Plaintiff filed an action in this Court and in a decision dated December 8, 1999 by the Honorable Richard J. Arcara the case was remanded to the Commissioner for the consideration of the impact of Plaintiff's mental impairment on her residual functioning capacity.

A subsequent hearing was held on June 23, 2000 and Plaintiff appeared with counsel before ALJ Bruce R. Mazzarella pursuant to the remand. In a decision dated April 23, 2001 the ALJ again found Plaintiff to be not disabled and, therefore, not entitled to Disability Insurance Benefits and Supplemental Income Benefits. The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review on June 20, 2002. On November 17, 2005, Plaintiff filed this action.

## DISCUSSION

### I.   Jurisdiction and Scope of Review

42 U.S.C. § 405(g) grants jurisdiction to district courts to hear claims based on the denial of Social Security benefits. Additionally, the section directs that when considering such a claim, the Court must accept the findings of fact made by the Commissioner, provided that such findings are supported by substantial evidence in the record. Substantial evidence is defined as, "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolidated Edison Co. v. NLRB, 305 U.S. 197, 217 (1938). Section 405(g) thus limits the Court's scope of review to determining whether or not the Commissioner's

findings were supported by substantial evidence. <u>See</u>, <u>Mongeur v.</u> <u>Heckler</u>, 722 F.2d 1033, 1038 (2d Cir. 1983) (finding that a reviewing Court does not try a benefits case de novo). The Court is also authorized to review the legal standards employed by the Commissioner in evaluating Plaintiff's claim.

The Court must "scrutinize the record in its entirety to determine the reasonableness of the decision reached." <u>Lynn v.</u> <u>Schweiker</u>, 565 F. Supp. 265, 267 (S.D. Tex. 1983) (citation omitted). The Commissioner asserts that his decision was reasonable and is supported by the evidence in the record, and moves for judgment on the pleadings pursuant to Rule 12(c). Judgment on the pleadings may be granted under Rule 12(c) where the material facts are undisputed and where judgment on the merits is possible merely by considering the contents of the pleadings. <u>Sellers v. M.C. Floor</u> <u>Crafters, Inc.</u>, 842 F.2d 639 (2d Cir. 1988). If, after a review of the pleadings, the Court is convinced that Plaintiff can prove no set of facts in support of her claim which would entitle her to relief, judgment on the pleadings may be appropriate. <u>See</u> <u>Conley v.</u> <u>Gibson</u>, 355 U.S. 41, 45-46 (1957).

## II.   <u>The Commissioner's decision to deny the Plaintiff benefits was</u> <u>supported by substantial evidence in the record.</u>

The ALJ in his decision found that Plaintiff was not disabled within the meaning of the Social Security Act. In doing so, the ALJ adhered to the Social Security Administration's 5-Step sequential evaluation analysis for evaluating appointments for disability

benefits. <u>See</u> 20 C.F.R. § 404.1520.[3] Under Step 1 of the process, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset disability date. (Transcript of Administrative Proceedings at pages 323, 327) (hereinafter "T.").

At Steps 2 and 3, the ALJ concluded that Plaintiff's impairments such as, chronic fatigue syndrome, ulcerative colitis, hypothyroidism and depression, were severe within the meaning of the Regulations but were not severe enough to meet or equal, either singly or in combination, any of the impairments listed in Appendix 1, Subpart P of Regulations No. 4. (T. at 323-24, 327). Further, at Steps 4 and 5, the ALJ found that Plaintiff had a residual functioning capacity to meet the exertional demands of a full range of sedentary work. Plaintiff was found to be able to do at least simple, repetitive and routine work found in unskilled employment. (T. at 325-27).

Moreover, the ALJ found that Plaintiff's past relevant work as a cashier and a fast food worker had exertional demands inconsistent with those of light work. Since the Plaintiff is relegated to sedentary work activities, the ALJ found that

---

[3]Five-step analysis includes: (1) ALJ considers whether claimant is currently engaged in substantial gainful activity; (2) if not, ALJ considers whether claimant has severe impairment which significantly limits his physical or mental ability to do basic work activities; (3) if claimant suffers such impairment, third inquiry is whether, based solely on medical evidence, claimant has impairment which is listed in regulations Appendix 1, and if so, claimant will be considered disabled without considering vocational factors; (4) if claimant does not have listed impairment, fourth inquiry is whether, despite claimant's severe impairment, he has residual functional capacity to perform his past work; and (5) if claimant is unable to perform past work, ALJ determines whether claimant could perform other work. <u>See</u> <u>id.</u>

Plaintiff could not perform her past relevant work. (T. at 326). However, the ALJ concluded that Plaintiff had the residual functioning capacity of performing sedentary work that existed in the national economy.(T. at 326). Based on the entire record, and including the medical evidence in the record, I find that the ALJ properly concluded that Plaintiff was not disabled within the meaning of the Social Security Act.

A. **The ALJ's decision is supported by the medical evidence in the record.**

Plaintiff argues that the ALJ's residual functioning capacity analysis did not include all of the restrictions on her mental functioning placed by her physicians. (Pl. Br. at 6-7). Specifically, Plaintiff argues that the ALJ did not consider all the restrictions placed by Dr. Thomas Dickinson, Plaintiff's mental health examiner.

On February 1, 2000, Dr. Dickinson opined that Plaintiff had a poor ability to deal with the public, had a fair ability to relate to co-workers, poor ability to deal with supervisors and poor ability to deal with work stress, maintaining attention and concentration. (T. at 337-38). Further, Dr. Dickinson also opined that Plaintiff had a fair ability to demonstrate reliability, to follow work rules, to use judgment and to function independently. (T. at 337-38). Since, Dr. Dickinson stated that Plaintiff had a poor ability to deal with public but had a fair ability to relate to co-workers, I find that Dr. Dickinson's assessment did not

contain any clear and significant restrictions that the ALJ did not incorporate into Plaintiff's residual functioning capacity analysis.

Moreover, Dr. Dickinson's analysis of Plaintiff's mental functioning was inconsistent with Plaintiff's other physicians. On February 13, 1998, Dr. Anne W. Chang, Plaintiff's consultative examining physician, opined that Plaintiff was not seriously impaired in her ability to relate to other people. (T. at 274). Additionally, Dr. Jack Norcera and Dr. Maria Nickolova, Plaintiff's treating psychologists, did not specify any findings regarding any problems that Plaintiff had relating to other people. (T. at 216-18, 230-51).

Plaintiff further argues that the ALJ should have given controlling weight to Dr. Dickinson's opinion and this case should be remanded because there has been no determination of Plaintiff's ability to return to work in light of Dr. Dickinson's opinion of Plaintiff's limitations. (Pl. Br. 7-8). I find that the ALJ correctly gave little weight to Dr. Dickinson's opinion, compared to then Plaintiff's treating physician's testimony. Plaintiff's impairments did not prevent her from performing a full range of work at the light, sedentary level.

Based on the medical assessments, I find that Plaintiff's argument was unsupported by the evidence in the record and the ALJ was correct in concluding that there was no need to restrict

Plaintiff's ability to perform work to jobs requiring minimal contact with the public. Additionally, Plaintiff's non-exertional impairments, which were limited to performing simple, routine, repetitive tasks that were associated with unskilled work, did not significantly erode the sedentary work occupational base. See 20 C.F.R. §§ 404.1568(a), 416.968(a). Therefore, I find that the ALJ did not require testimony from a vocational expert because "unskilled work is work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time." Social Security Ruling 83-10.

**B.  The ALJ properly analyzed Plaintiff's subjective complaints.**

The ALJ stated that "[Plaintiff's] subjective complaints [were] exaggerated and inconsistent with the record as a whole." (T. at 325). Plaintiff testified that she lived on her own with her daughter, and she cooked, cleaned, did laundry, and shopped. (T. at 403-04). Additionally, Plaintiff claimed that she could read, write, and manage money. (T. at 335). I find that Plaintiff's daily activities were inconsistent with her allegation of disability, and the ALJ was correct in concluding that Plaintiff's subjective complaints were inconsistent with the record.

On February 1, 2000, during his psychiatric examination, Dr. Dickinson found that Plaintiff was alert and had good concentration on her assignments. (T. at 335). Additionally, Dr. Dickinson opined that Plaintiff had a high intellectual level and found that she was

a "quite intelligent lady and has some part-time course work at Erie Community College with apparently good grades." (T. at 336). Dr. Dickinson concluded that even though Plaintiff fit the profile of someone that was prone to anxiety and depression, Plaintiff's prognosis was fair and Plaintiff had agreed to continue counseling in order to maintain her stress levels. (T. at 336).

Plaintiff argues that the ALJ failed to properly incorporate Plaintiff's complaints regarding fatigue into his evaluation of Plaintiff's residual functioning capacity. (Pl. Br. 8-9). The Social Security Regulations require that a medically determinable impairment must result from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. § 1382c(a)(3)(D). The ALJ found that there was very minimal objective clinical or laboratory findings to substantiate a diagnosis of Chronic Fatigue Syndrome. (T. at 323).

I find that the ALJ appropriately evaluated Plaintiff's complaints regarding fatigue. Plaintiff complained of fatigue and said that she napped whenever she could. (T. at 325). However, Dr. Dickinson had found Plaintiff to be alert and active. (T. at 335-36). Additionally, Dr. Robert Kohn, Plaintiff's medical examiner, noted that there was nothing in the record that showed that Plaintiff had problems staying awake during the day. (T. at 372-73). Dr. Kohn  also opined that Plaintiff did not have a level of

fatigue that would place any limitations upon her ability to perform work. (T. at 373).

This case does not need to be remanded for further medical assessments or physicians' testimony. Based on the substantial evidence in the record, I find that the Plaintiff was not disabled within the meaning of the Social Security Act.

## **CONCLUSION**

For the reasons set forth above, I grant Commissioner's motion for judgment on the pleadings. Plaintiff's motion for judgment on the pleadings is denied, and Plaintiff's complaint is dismissed with prejudice.

ALL OF THE ABOVE IS SO ORDERED.


S/Michael A. Telesca

_____

      MICHAEL A. TELESCA
United States District Judge


Dated:    Rochester, New York
          August 2, 2007